12-4541
Huang v. Holder

BIA
Vomacka, IJ
A089 096 094

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YING HUANG,
        *Petitioner,*

        v.                                    12-4541
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Jennifer Williams,
                         Senior Litigation Counsel; Lance L.
                         Jolley, Trial Attorney, Office of

Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Huang, a native and citizen of the People's Republic of China, seeks review of an October 26, 2012 decision of the BIA affirming the March 4, 2011 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Huang*, No. A089 096 094 (B.I.A. Oct. 26, 2012), *aff'g* No. A089 096 094 (Immig. Ct. N.Y. City Mar. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications such as Huang's,

governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of [his or her] account," and inconsistencies in her statements, "without regard to whether . . . [they go] to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Huang's arguments that the agency erred in not distinguishing between its factual findings and legal determinations, and that the credible fear notes are unreliable, were not raised below and are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (requiring a petitioner to raise each argument before the BIA). Even were we to consider these arguments, however, Huang points to no error that resulted from the agency's failure to state whether its findings were legal or factual, and the credible fear notes appear reliable. *See Ming Zhang v. Holder*, 585 F.3d 715, 724 (2d Cir. 2009).

The agency's determination that Huang was not credible is supported by substantial evidence. *Yanqin Weng*, 562 F.3d at 513; *Xiu Xia Lin*, 534 F.3d at 167. Huang's claim at the credible fear interview was significantly different from that detailed in her asylum application. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that an IJ may support an adverse credibility determination with "any inconsistency or omission"). Furthermore, the IJ considered but rejected Huang's explanation that her claim at the credible fear interview was created and delivered at the direction of her smuggler. Instead, Huang attempted to have an individual identified as her "uncle" answer whether she had suffered persecution in China. Huang, however, testified that she did not speak to the "uncle" often, so he would not know about her claims. This explanation, even if considered plausible, did not have to be credited by the agency. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Furthermore, the discrepancy was central to her claim, and properly constituted a basis for an adverse credibility finding. *See Xiu Xia Lin*, 534 F.3d at 167; *Majidi*, 430 F.3d at 81. Contrary to Huang's argument, the agency did consider the totality of the

4

circumstances bearing on her credibility, as the IJ pointed out other inconsistencies and considered the documentary evidence. *Xiu Xia Lin*, 534 F.3d at 167.

In finding Huang not credible, the IJ also reasonably relied on the lack of corroboration for her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Here, the IJ noted that the letters from Huang's mother, boyfriend, and church in China were not authenticated in any way; the BIA correctly stated that they were from interested witnesses not subject to cross-examination and drafted for litigation purposes. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010), *abrogated on other grounds by Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). In addition, the agency correctly noted that the letter from Huang's church in China made no mention of any persecution, and her medical records did not demonstrate that her abortion was forced. The weight afforded to an applicant's evidence in immigration proceedings "lies largely within the discretion" of the agency. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471

F.3d 315, 342 (2d Cir. 2006) (internal quotations and alteration omitted).  The agency's adverse credibility determination is supported by substantial evidence, and Huang's challenge fails.  *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6